**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: HIGHER ONE ONEACCOUNT**
**MARKETING AND SALES PRACTICES**
**LITIGATION**                                                                         MDL No. 2407

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO –2)**

On December 11, 2012, the Panel transferred 2 civil action(s) to the United States District Court for the District of Connecticut for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* __F.Supp.2d__ (J.P.M.L. 2012). Since that time, 2 additional action(s) have been transferred to the District of Connecticut. With the consent of that court, all such actions have been assigned to the Honorable Vanessa Lynee Bryant.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of Connecticut and assigned to Judge Bryant.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the District of Connecticut for the reasons stated in the order of December 11, 2012, and, with the consent of that court, assigned to the Honorable Vanessa Lynee Bryant.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Connecticut. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: HIGHER ONE ONEACCOUNT
MARKETING AND SALES PRACTICES
LITIGATION**                                          MDL No. 2407

**SCHEDULE CTO–2 – TAG–ALONG ACTIONS**

**DIST      DIV.      C.A.NO.      CASE CAPTION**

MISSOURI EASTERN

   MOE        4       12–02361     DeClue v. Higher One, Inc. et al